# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THE BANK OF NEW YORK MELLON fka
THE BANK OF NEW YORK,

    Plaintiff,

vs.

SFR INVESTMENTS POOL 1, LLC,

    Defendant.

Case No. 2:16-cv-00050-GMN-GWF

**ORDER**

This matter is before the Court on Plaintiff's Motion to Lift Stay solely to add the HOA and related claims (ECF No. 22), filed on April 10, 2017. Also before the Court is Plaintiff's Motion for Leave to Amend Complaint and Caption (ECF No. 24), filed on April 10, 2017. To date, no party has filed an opposition to their motions and the time for response has now expired.

This matter arises from claims for quiet title and declaratory relief of real property against Defendant SFR Investments Pool 1, LLC ("SFR"). *See Compaint* (ECF No. 1). On January 11, 2016, Plaintiff filed its Complaint. ECF No. 1. Plaintiff represents that on March 18, 2016, it submitted a claim against Sundance at the Shadows HOA ("HOA") to the Nevada Real Estate Division ("NRED") pursuant to NRS 38.310 and *McKnight Family, L.L.P. v. Adept Mgmt.*, 129 Nev. Adv. Op. 64, 310 P.3d 555, 558 (2013). Plaintiff and the HOA did not reach a resolution at mediation. On October 17, 2016, the Court administratively stayed this case pending exhaustion of all appeals of *Bourne Valley Court Trust v. Wells Fargo Bank*, No. 15-15233 (9th Cir. Aug. 12, 2016). Plaintiff requests leave to amend its complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure to add the HOA as a Defendant and to add claims of wrongful foreclosure, breach of contract, and breach of the covenant of good faith and fair dealing against the HOA.

Fed. R. Civ. P. 15 states that "...a party may amend its pleading only with the opposing party's

written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a "strong policy to permit the amending of pleadings." *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir.1986) (quoting *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir.1973). In exercising its discretion, "a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981). Leave to amend should be granted unless the court finds that there has been undue delay, bad faith or dilatory motive by the moving party, that the opposing party would suffer undue prejudice by the amendment, or the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). *See also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003).

There is no evidence to suggest that there is undue delay, bad faith or dilatory motive by Plaintiff, that Defendant would suffer undue prejudice by the amendment, or that the amendment would be futile. In addition, Local Rule 7-2(d) provides that "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Defendant did not file points and authorities in response to Plaintiff's instant motion and is considered to have consented to the granting of Plaintiff's motion under LR 7-2(d). The Court, therefore, grants Plaintiff's motion to temporarily lift the stay to amend its complaint. Plaintiff shall file its amended complaint and the HOA shall file its responsive pleading according to the Federal Rules of Civil Procedure. The case otherwise remains stayed. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Lift Stay (ECF No. 22) is **granted** for the limited purpose of allowing Plaintiff to file its amended complaint and to allow the HOA to file its responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that Motion for Leave to Amend Complaint and Caption (ECF No. 24) is **granted**.

DATED this 5th day of May, 2017.

_____
GEORGE FOLEY, JR
United States Magistrate Judge